UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WOODBRIDGE STRUCTURED FUNDING, LLC | : | |
| | : | |
| Plaintiff | | Case No.:  1:11-cv-03421-MJG |
| | : | |
| v. | | |
| | : | |
| SOVEREIGN FUNDING, *et al*, | | |
| | : | |
| Defendants | | |
| | : | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Come now Sovereign Funding ("Sovereign") and David Springer ("Mr. Springer") (Sovereign and Mr. Springer being collective known as the "Defendants," and each sometimes being known as a "Defendant"), by and through undersigned counsel, and in reply to the opposition of Woodbridge Structured Funding, LLC ("Woodbridge" or the "Plaintiff," with the document being known as the "Opposition") to the Defendants' motion for summary judgment (the "Motion") state as follows:

### I.     Introduction

The Plaintiff is absolutely correct in noting that this is the second time a motion for summary judgment has been brought in this matter. The initial motion, filed prior to any responsive pleading, was denied in large part because this Honorable Court believed the Plaintiff was "entitled to proceed with discovery" regarding its various claims. DE #28. More than sixteen months later, the Plaintiff has proceeded with discovery – indeed, counsel has traversed the country taking depositions in Maryland, New York, Florida, and even a penitentiary in Missouri. But, notwithstanding these gallant and costly efforts, the Plaintiff remains without any admissible evidence to support its case.

Numerous issues were raised in the Motion, and the Defendants largely stand upon the arguments proffered therein. It benefits neither this Honorable Court nor the parties to rehash the same in this brief, and in the interests of brevity and concision, only two broadly consequential points are made below: First, that there exists no admissible evidence of the very scheme alleged by the Plaintiff; and, second, that there exists no admissible evidence of any damages to the Plaintiff.

## II.       Argument

### a.   Standard of Evidence

At the outset, it is important to note the definition of "genuine" when defining the facts in dispute.  As the United States Court of Appeals for the Fourth Circuit has noted:

> In determining whether summary judgment may be granted, the district court must perform a dual inquiry into the *genuineness* and *materiality* of any purported factual issues. Whether an issue is genuine calls for an examination of the entire record then before the court in the form of pleadings, depositions, answers to interrogatories, admissions on file and affidavits, under Rule 56(c) and (e). Though the burden of proof rests initially with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the nonmoving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon the bald assertions of his pleadings. Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice. A trial, after all, is not an entitlement. It exists to resolve what reasonable minds would recognize as real factual disputes.

*Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (citing Fed.R.Civ.P. 56(e); *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968); *Cole v. Cole*, 633 F.2d 1083, 1089 (4th Cir. 1980); *Atlantic States Construction Co. v. Robert E. Lee & Co.*, 406 F.2d 827, 829 (4th Cir. 1969)).

### b.   There is No Admissible Evidence of the Alleged Google Search Results

At its core, this case is about Google search results. The Plaintiff makes three critical contentions, which conjunctively underpin the entirety of the various causes of action at issue:

First, that a Google search for the word "Woodbridge" produced certain links; second, that on at least one occasion, the links forwarded the user to a website owned by the Defendants; and, third, that the Defendants owned or controlled the links and therefore caused the forwarding to occur. It is undisputed that if the Plaintiff cannot prove each of these three elements, the Plaintiff's entire case fails as a matter of law.

Plaintiff relies on speculative assertions to support its claim.  It is undisputed that Plaintiff's evidence rests upon individuals who claim to have seen certain links appear when the word "Woodbridge" was typed into Google.  Plaintiff has no evidence besides the testimony of its employee and the company it employs for search engine optimization to support its claim. Neither can Plaintiff establish that Defendants had any ownership or control of the links that allegedly appeared when the search was performed.  The Plaintiff relies on a misinterpreted form of the doctrine of *res ipsa loquitor*:  the link allegedly sometimes brought the searcher to a website owned by Defendant, and therefore, Defendant owns or controls the link.  Plaintiff did nothing to establish that Defendant actually owns or controls the links.  Plaintiff has no evidence to that effect.  The Plaintiff could have researched this ownership information but chose not to, deciding that it was not worth its time.

There is also no admissible evidence that the Google search produced the results claimed. The law is clear that certain steps must be undertaken to authenticate web search results, especially those of an historical nature, and no such steps have been or can be taken in this case. The Plaintiff cannot show that it even conducted the searches in the first instance that gave rise to the alleged results. Plaintiff's assertion is wholly speculative, and therefore, cannot constitute a genuine material fact.

In addition, the Plaintiff's case depends on the admissibility of the Google search results described above, and, as agreed, no longer exist. In order to admit this evidence, the Plaintiff must furnish testimony – or an affidavit – from Google verifying such results. This Honorable Court has cited favorably to a case holding, *inter alia*:

> In order to satisfy the requirement of Fed. R. Evid. 901, that is, to show that the printouts from Internet Archive are accurate representations of the laserspecialist.com and lasereyelid.com websites on various dates since 2000, Plaintiff must provide the Court with a statement or affidavit from an Internet Archive representative with *personal knowledge* of the contents of the Internet Archive website.

*St. Luke's Cataract & Laser Inst., P.A. v. Sanderson*, 2006 U.S. Dist. LEXIS 28873, *5-*6 (M.D. Fla. 2006) (emphasis in original) (cited by *Lorraine v. Markel Am. Ins. Co*., 241 F.R.D. 534, 545 (D. Md. 2007)). *See, also, Fraserside IP L.L.C. v. Netvertising Ltd*., 2012 U.S. Dist. LEXIS 180949, *37 (N.D. Iowa 2012) ("To authenticate printouts from a website, the party proffering the evidence must produce 'some statement or affidavit from someone with knowledge [of the website] . . . for example [a] web master or someone else with personal knowledge would be sufficient.'") (quoting *In re Homestore.com, Inc. Sec.Litig*., 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004)); *United States v. Stewart*, 185 Fed. Appx. 276, 279 (4th Cir. 2006) ("The district court agreed with Stewart in noting that the letters' references to information found on a website failed the best evidence rule.").

Here, not only does the Plaintiff not have an affidavit or any other evidence from Google concerning the subject search results, but the Plaintiff does not even have a printout. Rather, as the Opposition makes clear, the Plaintiff intends to present this allegation solely through the oral testimony of people who claim to have visited Google, typed in certain terms, and found certain results. *See, e.g., Opposition* at pp. 2, 4, 5. This type of evidence, simply stated, is not admissible. It is axiomatic that if there is no admissible evidence of the alleged scheme in this

case, the Defendants are entitled to summary judgment as a matter of law. *See, e.g.,* Fed. R. Civ. P. 56(c)(1)(B); *Sager v. Hous. Comm'n of Anne Arundel Cnty.*, 2013 WL 3943497 (D. Md. 2013) ("On those issues for which the non-moving party has the burden of proof, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in the rule.") (citing Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315–16 (4th Cir. 1993)); *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999) ("To be entitled to consideration on summary judgment, the facts set forth by the parties in affidavits or otherwise must be such as would be admissible in evidence."); *Greensboro Prof'l Fire Fighters Assoc. Local 3157 v. City of Greensboro*, 64 F.3d 962, 967 (4th Cir. 1995) (concluding that inadmissible hearsay could not support an opposition to summary judgment).

### c.   There is no Admissible Evidence Conferring the Plaintiff with Standing to Pursue the Lanham Act Claims

In its Opposition, the Plaintiff attempts to conflate the question of standing with the question of ultimate damage calculation. The Plaintiff, as is well established at this point, does not have a cogent theory of actual damages. There is no claim – supported by evidence or otherwise – that the Defendant profited from their alleged actions. And there is no claim – again, supported by evidence or otherwise – that the Plaintiff ever lost so much as a single dollar because of the actions claimed in this case. To the contrary, the Plaintiff has refused to engage in nearly all varieties of economic discovery, and now insists it is entitled to special damages, without regard to whether or not it was harmed in the first place.

If the Plaintiff cannot demonstrate that it lost profits, or the Defendant gained profits, as a result of the alleged activities, then the Plaintiff cannot make out a *prima facie* case under the Lanham Act. *See, e.g., Harold H. Huggins Realty, Inc. v. FNC, Inc*., 634 F.3d 787, 801 (5th Cir. 2011) ("[t]o state a damages claim that is sufficiently determinate to support Lanham Act

5

standing, a plaintiff must plead that the defendant's anti-competitive conduct either has caused the plaintiff to lose profits or has caused the defendant to gain profits in a definite and ascertainable amount."). There is no evidence that the alleged conduct has caused the Plaintiff to lose profits or the Defendants to gain profits – period.

Rather, the Plaintiff ignores entirely the issue of standing and *ipso facto* assumes an award of damages, rattling off the various equitable means through which this Honorable Court can fashion judgment in a Lanham Act case. This misses the point entirely: There can be no judgment to fashion if there is no violation, and there is no violation if there are not either profits lost by the Plaintiff or gained by the Defendants.

It is ironic that the Plaintiff is resisting financial discovery in this case, and simultaneously protesting that the record is sufficiently developed to proceed past summary judgment. This is hypocrisy of the highest order, and in the absence of any evidence whatsoever showing any loss incurred by the Plaintiff (or gain occasioned by the Defendants), summary judgment is appropriate.

It is also worth noting that even if the Plaintiff were not required to show a loss of profits, the damage calculation that the Plaintiff asserts is too speculative to be admissible, and, therefore, summary judgment should be granted in favor of the Defendant.  As noted by one court,  "The proof [of damages] must not consist of mere conjecture, speculation, or opinion not founded on facts, but must consist of actual facts from which a reasonably accurate conclusion regarding the cause and the amount of the loss can be logically and rationally drawn." *Water Engineering Consultants, Inc. v. Allied Corp.*, 674 F. Supp. 1221, 1224 (S.D. W.V. 1987).  As can be seen from the testimony of Plaintiff's expert witnesses as well as its 30(b)(6) representatives, the loss that Plaintiff claims is purely speculative.  In essence, (and in an attempt

not to repeat the contents of Defendant's original Motion for Summary Judgment), the Plaintiff says that because consumers may have seen its name, Woodbridge, juxtaposed with the word "lie" or "scam," they clicked on Woodbridge's actual website, but then decided not to make a phone call to Woodbridge. That assertion is beyond preposterous as indicated in Plaintiff's expert's deposition.

## III.    Conclusion

Notwithstanding all the technological complexities claimed, this is really a very simple case: The Plaintiff alleges that Google search results were warped, that the warped results led to a website controlled by the Defendants, that the Defendants are surely to blame for this, and that the Plaintiff is accordingly entitled to relief. But the Plaintiff has no admissible evidence showing the Google search results in question, nothing more than speculative innuendo to suggest the Defendants were behind these links, and no admissible evidence to show any resulting economic harm. All of this despite the fact that the Plaintiff has taken more than a year to issue discovery in nearly every form, conducted depositions in four separate states, and forced the Defendants to expend considerable resources to clear their respective names.


Respectfully Submitted,


/s/ Elyse L. Strickland
Elyse L. Strickland, Esq.
OFFIT KURMAN, P.A.
Bar Number 13198
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Phone: (240) 507-1770
Fax:    (240) 507-1735
estrickland@offitkurman.com
*Counsel for Defendants*

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
OFFIT KURMAN, P.A.
Bar Number 18071
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
Phone: (240) 507-1714
Fax:     (240) 507-1735
mverstandig@offitkurman.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this  25th  day of October, 2013 a copy of the foregoing was served, via this Honorable Court's CM/ECF system, on those persons identified on the following service list:

James A Johnson, Esq.
Semmes Bowen and Semmes PC
25 S Charles St Ste 1400
Baltimore, MD 21201
*Counsel for Plaintiffs*

Teresa Marie Kelly, Esq.
Semmes Bowen and Semmes
25 S Charles St Ste 1400
Baltimore, MD 21201
*Counsel for Plaintiffs*

Joseph G Fortner , Jr, Esq.
Halloran and Sage LLP
One Goodwin Sq
225 Asylum St
Hartford, CT 06103
*Counsel for Plaintiffs*

Maura Droney, Esq.
Halloran and Sage LLP
225 Asylum St
Hartford, CT 06103
*Counsel for Plaintiffs*

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.

4822-4551-4774, v.  1